UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANGEL MANUEL VASQUEZ,

        Petitioner,        Case No. 1:11-cv-114

v.        Honorable Robert J. Jonker

SHIRLEE HARRY,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner is incarcerated in the Pugsley Correctional Facility. He pleaded guilty in the Kent County Circuit Court to one count of assault with intent to commit sexual penetration, MICH. COMP. LAWS § 750.520g. In tendering his guilty plea, Petitioner testified that between March 3 and November 24, 2008, he engaged in sexual penetration and sexual intercourse with a female under sixteen years of age. (Defendant-Appellant's Brief on Appeal, Page ID#26.) The trial court sentenced him on April 30, 2009 to imprisonment of three to ten years.

Before the sentence was imposed, defense counsel objected to information contained in the Pre-sentence Investigation Report (PSIR) under "agent's description of the offense" as to the description written to the court by the victim in which it states that Petitioner threatened the victim and her family and supplied the victim with drugs to induce her compliance with sexual activity. Defense counsel argued that those facts were not contained in the police report and were denied by Petitioner. According to Petitioner, the trial court did not make a ruling on defense counsel's objection. Petitioner contends that inaccurate information in the PSIR could adversely affect his eligibility for parole and security classification while in prison.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals raising the following claims:

I. MUST THE OBJECTED-TO INFORMATION IN THE PRESENTENCE REPORT BE CORRECTED AND A CORRECTED REPORT SENT TO THE DEPARTMENT OF CORRECTIONS?

II. DID THE TRIAL COURT ABUSE ITS DISCRETION IN SCORING OFFENSE VARIABLE 7 (OV7) OF THE STATUTORY SENTENCING GUIDELINES AT 50 POINTS AND WAS DEFENDANT DEPRIVED OF THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR FAILURE TO OBJECT TO THE SCORING OF OV7, THEREBY REQUIRING A REMAND TO THE TRIAL COURT FOR RESENTENCING?

The court of appeals denied Petitioner's application for leave to appeal on June 1, 2010, for lack of merit in the grounds presented. Petitioner raised the same two claims in the Michigan Supreme Court, which denied Petitioner's application for leave to appeal because it was not persuaded that the questions presented warranted review by the court. Petitioner now brings the same two claims in his application for habeas corpus relief.

## Discussion

### A. Standard of Review

This action is governed by the Antiterrorism and Effective Death Penalty Act, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions

of lower federal courts. *Bailey*, 271 F.3d at 655; *Harris v. Stovall*, 212 F.3d 940, 943 (6th Cir. 2000). The inquiry is "limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time [the petitioner's] conviction became final." *Onifer v. Tyszkiewicz*, 255 F.3d 313, 318 (6th Cir. 2001).

A decision of the state court may only be overturned if (1) it applies a rule that contradicts the governing law set forth by the Supreme Court, (2) it confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a different result; (3) it identifies the correct governing legal rule from the Supreme Court precedent but unreasonably applies it to the facts of the case; or (4) it either unreasonably extends a legal principle from Supreme Court precedent to a new context where it should not apply or unreasonably refuses to extend a principle to a context where it should apply. *Bailey*, 271 F.3d at 655 (citing *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694; *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003). A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411; *accord Bell*, 535 U.S. at 699. Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 410.

Where the state court has not articulated its reasoning, the federal courts are obligated to conduct an independent review to determine if the state court's result is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the evidence presented. *See Harrington v. Richter*, ___ S. Ct. ___, 2011 WL 148587, at *9 (Jan. 19, 2011) (citing with approval *Harris*, 212 F.3d at 943 n.1). Where the circumstances

suggest that the state court actually considered the issue, including where a state court has issued a summary affirmance, the review remains deferential because the court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *Harrington*, 2011 WL 148587, at *9; *Harris*, 212 F.3d at 943. However, where the state court clearly did not address the merits of a claim, "there are simply no results, let alone reasoning, to which [the] court can defer." In such circumstances, the court conducts *de novo* review. *McKenzie*, 326 F.3d at 727 (limiting *Harris* to those circumstances in which a result exists to which the federal court may defer); *see also Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question); *Maples v. Stegall*, 340 F.3d 433, 437 (6th Cir. 2003) (recognizing that *Wiggins* established *de novo* standard of review for any claim that was not addressed by the state courts).

      B.     Merits

Petitioner raises two claims relating to his sentence. Sentencing claims typically are a matter of state law and are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner disputes the victim's statement in the PSIR that Petitioner threatened the victim and her family and supplied the victim with drugs to induce her compliance with sexual activity. Petitioner denies those allegations and maintains that the victim's allegations are not contained in the police report. Petitioner, however, cannot establish that the information in the PSIR

was materially false. Petitioner merely disputes the victim's version of the events. Moreover, the police report provided by Petitioner includes the victim's assertions that Petitioner threatened to harm her family. (Police Report, Page ID#41.) In addition, Petitioner does not allege that the trial court, which sentenced Petitioner within the guideline range, relied on the information in imposing the sentence. While Petitioner contends that the allegedly inaccurate information in the PSIR could adversely affect his consideration for parole or his security classification, he fails to raise a meritorious due process claim because he does not have a liberty interest in parole or in his security classification. *See Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc) (Michigan's parole scheme creates no liberty interest in being released on parole); *Sandin v. Conner*, 515 U.S. 472, 484 (1995) (a prisoner does not have a protected liberty interest in the procedures affecting his classification and security because the resulting restraint does not impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.").

Petitioner also contends that the trial court improperly scored 50 points for Offense Variable (OV) 7 and that his trial counsel was ineffective for failing to challenge the score. Under OV 7, aggravated physical abuse, 50 points should be scored when "[a] victim is treated with sadism, torture, or excessive brutality or conduct designed to substantially increase fear and anxiety a victim suffered during the offense." MICH. COMP. LAWS § 777.37(1)(a). The term "sadism" is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification. MICH. COMP. LAWS § 777.37(3). Petitioner admitted that he engaged in sexual penetration and sexual intercourse with the victim, a fourteen-year-old girl, for a nine-month period in 2008. The police report provided by Petitioner includes the victim's assertion that Petitioner threatened to hurt her family. The police report further indicates

that the victim was pregnant and that Petitioner may be the father. Under the circumstances, the trial court's scoring of OV 7 clearly does not rise to the level of a due process violation. Furthermore, Petitioner's sentence of three to ten years clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485.

Petitioner also contends that his trial counsel was ineffective for failing to challenge the trial court's scoring of OV 7. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691.

Moreover, as the Supreme Court recently has observed, while "'[s]urmounting *Strickland*'s high bar is never an easy task,' . . . [e]stablishing that a state court's application was

unreasonable under § 2254(d) is all the more difficult." *Harrington*, 2011 WL 148587, at *13 (quoting *Padilla v. Kentucky*, 559 U.S. ___, 130 S. Ct. 1473, 1485 (2010)). Because the standards under both *Strickland* and § 2254(d) are highly deferential, "when the two apply in tandem, review is 'doubly' so." *Harrington*, 2011 WL 148587, at *13 (quoting *Knowles v. Mirzayance*, 129 S. Ct. 1411, 1421 (2009)). In those circumstances, "[t]he question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id*. Petitioner clearly cannot meet this very high threshhold. In light of Petitioner's admissions on the record and the information contained in the police report, a reasonable argument could be made that counsel's failure to object to the scoring to OV 7 did not fall below an objective standard of reasonableness. Consequently, I cannot find that the decision of the Michigan appellate courts was an unreasonable application of *Strickland*.

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application under Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit

that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated: February 23, 2011        /s/ Robert J. Jonker
                                ROBERT J. JONKER
                                UNITED STATES DISTRICT JUDGE